IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-03094-NYW

CARLOS CUESTA,

    Plaintiff,

v.

SMT HOLDINGS LLC,
DONEPUDI HOLDINGS LLC, and
RESOLUTE BREWING COMPANY LLC,

    Defendants.

# ORDER

This matter is before the Court on following pending motions:

(1) Resolute Brewing Company's Motion to Strike Plaintiff's Expert Witnesses Howard Schneider and Gene Mattera Pursuant to Fed. R. Civ. [sic] Evid. 702 and Fed. R. Civ. Proc. 37(c)(1) ("Motion to Strike") [Doc. 26, filed June 8, 2022];

(2) Plaintiff's Motion for Leave to Voluntarily Dismiss the Claims Against Resolute Brewing Company LLC ("Plaintiff's Motion to Dismiss") [Doc. 36, filed July 29, 2022]; and

(3) Plaintiff's Second Motion for Extension of Time to File a Response to Defendant's Motion for Summary Judgment ("Second Motion for Extension of Time") [Doc. 41, filed August 12, 2022].

Defendant's Motion to Strike is fully briefed, *see* [Doc. 26; Doc. 33; Doc. 34], and the time for Plaintiff Carlos Cuesta ("Plaintiff" or "Mr. Cuesta") to reply to Plaintiff's Motion to Dismiss has lapsed. *See* D.C.COLO.LCiv R. 7.1(d). In addition, this Court finds it appropriate to rule on

Plaintiff's Second Motion for Extension of Time [Doc. 41] without further briefing. *Id.* Upon review of the record, this court finds that oral argument would not materially assist in the resolution of any of these motions. For the reasons set forth herein, the Court respectfully **GRANTS** the Motion to Strike; **DENIES** Plaintiff's Motion to Dismiss; and **GRANTS** Plaintiff's Second Motion for Extension of Time.

## BACKGROUND

Plaintiff initiated this action on November 18, 2021, asserting two counts of violations of the American with Disabilities Act ("ADA"). [Doc. 1]. Specifically, Mr. Cuesta alleges that Defendants SMT Holdings LLC ("SMT Holdings") and Donepudi Holdings LLC ("Donepudi") "owned and operated a commercial retail business located at 7286 S. Yosemite Street, Centennial, Colorado 80112. [Doc. 1 at ¶ 6]. Mr. Cuesta further alleged that Defendant Resolute Brewing Company LLC ("Resolute Brewing Company," or "Defendant," collectively with SMT and Donepudi, "Defendants") owned and operated a commercial retail business and place of public accommodation at 7286 S. Yosemite Street, Centennial, Colorado 80112, specifically "a hotel business." [*Id.* at ¶ 14]. Mr. Cuesta alleges that he is a person with disabilities; that he visited the property on or about September 11, 2021; and that he found the property "rife with ADA violations." [*Id.* at ¶¶ 15–17].

As a result, in Count I, Mr. Cuesta alleges that SMT and Donepudi failed to comply with the ADA in its parking, entrance access, and path of travel features. [*Id.* at ¶¶ 22–24]. In Count II, Mr. Cuesta alleges all Defendants failed to comply with the ADA based on the configurations of the restrooms. [*Id.* at ¶¶ 25–27]. Plaintiff seeks injunctive relief pursuant to 42 U.S.C. § 12188, and an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 12205. [*Id.* at 11].

2

Mr. Cuesta asserted no allegations against Resolute Brewing Company based on the parking lot, any exterior spaces, entrance access, or path of travel features. *See generally* [Doc. 1].

Neither of SMT nor Donepudi answered or otherwise responded to the Complaint, and the Clerk of the Court entered default against these two entities on February 28, 2022. [Doc. 18]. Then, Mr. Cuesta and Resolute Brewing Company proceeded to a Scheduling Conference, and this court entered a Scheduling Order on March 8, 2022. [Doc. 21; Doc. 22]. In the Scheduling Order, Mr. Cuesta and Resolute Brewing Company stipulated that Resolute Brewing Company operated a brewery located at 7286 S. Yosemite Street, #110, Centennial, Colorado 80112. [Doc. 22 at 3]. The Scheduling Order set a deadline for Joinder of Parties and Amendment of Pleadings of March 15, 2022; a deadline for discovery of June 8, 2022; and a dispositive motions deadline of July 8, 2022. [*Id.* at 6]. In addition, the court ordered Plaintiff to disclose any experts and provide opposing counsel with the information required by Rule 26(a)(2) not later than March 24, 2022. [*Id.* at 7]. Further, the Parties were advised that in addition to the requirements of Rule 26(a)(2)(B)(i)–(vi), an expert's written report must also identify the principles and methods on which the expert relied in support of his opinions and describe how the expert applied those principles and methods reliably to the facts of the case relevant to the opinions set forth in the written report. [*Id.* at 8]. All motions brought pursuant to Rule 702 of the Federal Rules of Evidence challenging expert opinions were due on June 15, 2022. [*Id.*].

On June 8, 2022, Resolute Brewing Company filed the instant Motion to Strike, seeking to strike the opinions of Plaintiff's expert witnesses, Howard Schneider ("Mr. Schneider") and Gene Mattera ("Mr. Mattera") in their entirety, pursuant to Rule 702 of the Federal Rules of Evidence and Rule 37(c)(1) of the Federal Rules of Procedure. [Doc. 26]. Specifically, Resolute Brewing Company argued that Plaintiff had not provided any report for Mr. Schneider and that the expert

3

report for Mr. Mattera was deficient. [*Id.* at 6–10]. As part of its argument, Resolute Brewing Company contended that the opinions offered by Mr. Mattera were unreliable on their face because the photographs taken of the bathrooms are not of Resolute Brewing's space. [*Id.* at 8]. In addition, Resolute Brewing Company also contended that as a tenant, it was not liable for any alleged violations of the Americans with Disabilities Act occurring in the parking lot because that area was controlled by the landlord, and not the tenant, as a matter of law. [Doc. 26 at 9]. On July 8, 2022, Defendant filed a Motion for Summary Judgment, arguing, *inter alia,* that judgment in its favor was appropriate based on the fact that the photographs did not depict Resolute Brewing Company's bathrooms, and that it could not be liable for any deficiencies in the parking lot. *See* [Doc. 30].

After two extensions, in his Response to the Motion to Strike, Mr. Cuesta withdrew any reliance on Mr. Schneider. [Doc. 33 at 1]. With respect to Resolute Brewing Company's argument regarding the bathroom photographs, Mr. Cuesta does not explain any discrepancy—instead, he represents that "Plaintiff's counsel verbally communicated to Defendant's counsel that Plaintiff would not pursue to [sic] issues with Defendant's restroom." [Doc. 33 at 7]. Without citation to authority or evidence, Mr. Cuesta further insisted that Resolute Brewing Company was "responsible for the exterior areas that it exercises control over." [*Id.*]. Mr. Cuesta further indicated that he would "more fully brief this issue in its response to Defendant's motion for summary judgment." [*Id.*].

Instead of filing a Response to Defendant's Motion for Summary Judgment, Mr. Cuesta moved to dismiss his claims against Resolute Brewing Company on July 29, 2022. *See* [Doc. 36]. In addition, he moved for an extension of time to respond to the Motion for Summary Judgment, which the Court granted, allowing Plaintiff time to respond up to and including August 12, 2022.

[Doc. 37; Doc. 38]. On August 12, 2022, Plaintiff filed the instant Second Motion for Extension of Time. [Doc. 41]. He has not filed a Response to the Motion for Summary Judgment.

In Resolute Brewing Company's Response to Plaintiff's Motion to Dismiss, it indicates that it does not oppose the dismissal of Plaintiff's claims but argues that it is entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1927. [Doc. 40 at 1]. Resolute Brewing Company also attempts to incorporate its Motion for Summary Judgment by reference into its Response to Plaintiff's Motion to Dismiss. [*Id.*]. Plaintiff indicated that while he does not agree that Defendant is entitled to fees, "that is an issue that can be resolved via a separate motion." [Doc. 36 at 3 n.2]; *see also* [Doc. 42 at 1–2 ("Plaintiff, for his part, in the interest of full disclosure did inform the Court in its Motion that Defendant had expressed an interest in fees, which Plaintiff opposes, but which could be resolved in a separate briefing schedule.")]. The court now turns to the issues at hand.

## ANALYSIS

### I.    Motion to Strike

#### A.    Rule 702 of the Federal Rules of Civil Procedure

Rule 702 of the Federal Rules of Evidence permits as follows:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

5

Fed. R. Evid. 702.  As noted by the Advisory Committee when the Rule was promulgated, "[a]n intelligent evaluation of facts is often difficult or impossible without the application of some scientific, technical, or other specialized knowledge." Fed. R. Evid. 702, advisory committee's note to 1937 rule.

It is well established that trial courts are charged with gatekeeper responsibility of ensuring expert testimony or evidence is admitted only if such is relevant and reliable.  *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147–52 (1999); *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579, 588–89 (1993). To fulfill that gatekeeper function, courts within the Tenth Circuit conduct a two-part inquiry. The court first considers whether the expert's proffered testimony has a reliable basis in the knowledge and experience of his or her discipline by conducting a preliminary inquiry into the expert's qualifications and the admissibility of the proffered evidence. In other words, the court asks whether the reasoning or methodology underlying the testimony is valid.  *Cook v. Rockwell Int'l Corp*., 580 F. Supp. 2d 1071, 1082 (D. Colo. 2006) (citing *Butler v. A.O. Smith Corp*., 400 F.3d 1227, 1232–33 (10th Cir. 2004)).  The court then considers whether the proposed testimony is sufficiently relevant to the issues presented to the factfinder.  *See id*. The party offering the expert opinion bears the burden of establishing its admissibility, including the foundational requirements, by a preponderance of the evidence.  *See United States v. Nacchio*, 555 F.3d 1234, 1241 (10th Cir. 2009); *United States v. Crabbe*, 556 F. Supp. 2d 1217, 1220 (D. Colo. 2008).

      **B.**     **Rule 37(c)(1) of the Federal Rules of Civil Procedure**

Rule 26(a)(2) of the Federal Rules of Civil Procedure set out certain requirements for disclosures by experts, both specially retained and non-retained. Fed. R. Civ. P. 26(a)(2). Rule 26(a)(2) obligations cannot be ignored or dismissed as a mere formality. *Anderson v. Seven Falls*

*Co.*, No. 12-cv-1490-RM-CBS, 2013 WL 3771300, *5 (D. Colo. July 18, 2013). Rather, such disclosures are intended to "aid the court in its fact-finding mission by allowing both sides to prepare their cases adequately and efficiently and to prevent the tactic of surprise from affecting the outcome of the case." *Id.* (citing *Sherrod v. Lingle*, 223 F.3d 605, 614 (7th Cir. 2000)).

A violation of Rule 26(a)(2) is addressed by the court pursuant to Rule 37(c) of the Federal Rules of Procedure. Rule 37(c)(1) provides:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (3), the party is not allowed to use that information or witness to supply evidence on a motion, at hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>
> (B) may inform the jury of the party's failure; and
>
> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)–(iv).

Fed.R.Civ.P. 37(c)(1). The determination as to whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the court. *Woodworker's Supply, Inc. v. Primcipal Mt. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir.1999). In exercising its discretion, the court considers four factors: (1) the prejudice or surprise to the impacted party; (2) the ability to cure the prejudice; (3) the potential for trial disruption; and (4) the erring party's bad faith or willfulness. *Id.*

**C.    Application**

Because Mr. Cuesta admits that he did not propound an expert report for Mr. Schneider and has withdrawn any intent to rely upon Mr. Schneider, *see* [Doc. 33 at 1], this court **GRANTS** the Motion to Strike as to Mr. Schneider, and focuses its analysis only upon the opinions offered by Mr. Mattera. As discussed above, two inquiries guide this Court's gatekeeper function: (1) the

7

reliability of the proffered opinion; and (2) the relevance of to the issues. In his Response to the Motion to Strike, Mr. Cuesta abandons his allegations of discrimination against Resolute Brewing Company based on purported bathroom deficiencies. [Doc. 33 at 7]. Accordingly, this Court finds that any opinions by Mr. Mattera with respect to the lack of ADA compliance arising from the bathrooms is not relevant and therefore, are appropriately precluded.

Mr. Cuesta, however, continued to argue that Mr. Mattera's opinions with respect to Resolute Brewing Company's seating and exterior recreational areas were inaccessible to disabled patrons, like Plaintiff, and Resolute Brewing Company "is responsible for" the exterior parking lot and pathways where tables and seating areas are located. [Doc. 33 at 7]. Despite this argument, Mr. Cuesta has never asserted a cause of action against Resolute Brewing Company based on either its exterior seating, the parking lot, or the pathways. Indeed, the operative Complaint in this matter misidentifies Resolute Brewing Company as a "hotel business" in one instance, [Doc. 1 at ¶ 14], and makes no mention of seating. *See generally* [*id.*]. In addition, Count II – the only cause of action asserted against Resolute Brewing Company – is based solely on the restrooms. [*Id.* at ¶¶ 25–27]. Count I that alleges violations arising from the parking, entrance access and path of travel, are directed only at SMT Holding and Donepudi. *See* [*id.* at ¶¶ 22–24]. Therefore, any opinions that Mr. Mattera offers outside of the bathroom configuration is simply not relevant to any claim currently asserted against this Defendant, Resolute Brewing Company. In addition, the deadline for joinder of parties and amendment of pleadings has long passed on March 15 2022. [Doc. 22 at 6]. Accordingly, this Court **GRANTS** Defendant's Motion to Strike in its entirety, and precludes Mr. Cuesta from offering any of Mr. Mattera's opinions vis-à-vis Resolute Brewing Company's liability under the ADA <u>for any purpose</u>.

## II.     Plaintiff's Motion to Dismiss

The Court next turns to whether Plaintiff's Motion to Dismiss its sole cause of action (Count II) against Resolute Brewing Company should be granted.  In support of his Motion to Dismiss, Mr. Cuesta represented that "Plaintiff revisited the Defendant property and found that Defendant RESOLUTE BREWING COMPANY LLC's business was mostly remediated and Plaintiff does not wish to continue to pursue the claims as to Defendant RESOLUTE BREWING COMPANY LLC."  [Doc. 36 at ¶ 6].  Plaintiff moves for dismissal pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Rule 41(a)(2) provides that except as provided in Rule 41(a)(1) (which is not applicable here because Resolute Brewing Company both answered, *see* [Doc. 9], and filed a Motion for Summary Judgment, [Doc. 30]), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper."  Fed. R. Civ. P. 41(a)(2) (emphasis added).  But in exercising its discretion, this Court is mindful that "[a]bsent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal."  *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997).  Factors that courts consider in determining whether there is legal prejudice include "the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation."  *Brown v. Baeke*, 413 F.3d 1121, 1124 (10th Cir. 2005).

As discussed above, although Resolute Brewing Company does not object to the dismissal of the claim against it, it attempts to incorporate the arguments made in its Motion for Summary Judgment and indicates that it wishes to pursue costs and fees pursuant to 28 U.S.C. § 1927.  *See* [Doc. 40 at 1].  As an initial matter, Defendant cites no authority that allows the Court to the

incorporate Defendant's summary judgment arguments into its Response to the Motion to Dismiss. Fed. R. Civ. P. 10(c) provides that "[a] statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion." Fed. R. Civ. P. 10(c). A pleading is defined as "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed. R. Civ. P. 7(a).  In addition, the Court did not independently find any authority that extends Rule 10(c) to the circumstances presented herein.

Nevertheless, Resolute Brewing Company articulates certain concerns regarding Plaintiff's and/or his counsel's conduct in this action, including continuing to pursue claims related to the purported non-compliant bathroom after (1) December 14, 2022, when counsel for Resolute Brewing Company informed Mr. Cuesta's counsel that the restroom was in compliance, *see* [Doc. 40 at 2 (citing [Doc. 30-8] at 1)]; and (2) January 11, 2022, when Defendant affirmatively indicated that the photographs in the expert report were not Resolute Brewing Company's, [*id.* at 5 (citing [Doc. 40-3])].  Furthermore, Defendant seeks relief under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Plaintiff, for his part, objects to the application of § 1927, but argues that the issue can be resolved via a separate motion.  [Doc. 36 at 3 n.2].  *See also* [Doc. 42 at 1–2].

The Court first notes, without the expert testimony of Mr. Mattera with respect to the bathroom, it is unclear how—at this point—Mr. Cuesta could prevail on his sole cause of action against Resolute Brewing Company.  Any other theory of liability does not appear viable; as

discussed above, the deadline to amend has long passed. *See* [Doc. 22 at 6]. In addition, Mr. Cuesta does not adequately address—either in his Response to the Motion to Strike or in his Motion to Dismiss—Defendant's argument that the photographs in Mr. Mattera's report are not of Resolute Brewing Company's bathroom, and that he was provided the photographs of the bathroom and informed of the discrepancy in the expert report no later than January 2022. *See* [Doc. 40 at 2–3, 5; Doc. 42 at 1–3]. Indeed, the Court's cursory comparison of the photographs suggests that they depict different facilities, based, *inter alia*, on the tile and the placement of the grab bars. *Compare* [Doc. 26-2 at 9–10] *with* [Doc. 26-4]. Nor does Mr. Cuesta identify *which* alleged violations he found were "mostly remediated" when he revisited the property and what alleged violations remain outstanding. [Doc. 36 at 2]. In addition, Plaintiff's Motion to Dismiss was filed on July 29, 2022—three weeks after Defendant's Motion for Summary Judgment, despite the fact that the issues were first identified in the Motion to Strike filed on June 8, 2022. [Doc. 26].

Based on these factors, this Court finds that there would be legal prejudice in dismissing this action against Resolute Brewing Company without prejudice and that it is more appropriate to resolve this issue in the context of summary judgment. Accordingly, this Court respectfully **DENIES** Plaintiff's Motion to Dismiss.[1]

### III. Plaintiff's Second Motion for Extension of Time to Respond to Defendant's Motion for Summary Judgment

With respect to Defendant's Motion for Summary Judgment, the only issue given the status of the pleadings of this case is whether there is a genuine issue of material fact as to whether Resolute Brewing Company's bathrooms violate the ADA. Accordingly, this Court **GRANTS** the

---

[1] To the extent that the Parties resolve their outstanding disputes regarding costs and fees, they may file a self-effectuating Stipulation for Dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

Second Motion for Extension of Time and any Response to the Motion for Summary Judgment must be filed no later than **September 2, 2022**.  In such Response, Mr. Cuesta and his counsel should respond to Defendant's arguments with respect to fees and costs pursuant to 28 U.S.C. § 1927.  *See* [Doc. 40 at 5–7].  Specifically, Mr. Cuesta and counsel must address the issues identified by the Court in this Order.

In addition, a hearing on the Motion for Summary Judgment and request for costs and fees is **SET** for **Monday, September 12, 2022 at 10:00 a.m.**  Both Mr. Cuesta and his counsel **shall appear in person** for the hearing on the Motion for Summary Judgment and the request for costs and fees pursuant to 28 U.S.C. § 1927.

For the reasons set forth herein, **IT IS ORDERED** that:

(1) Resolute Brewing Company's Motion to Strike Plaintiff's Expert Witnesses Howard Schneider and Gene Mattera Pursuant to Fed. R. Civ. [sic] Evid. 702 and Fed. R. Civ. Proc. 37(c)(1) [Doc. 26,] is **GRANTED**;

(2) Plaintiff's Motion for Leave to Voluntarily Dismiss the Claims Against Resolute Brewing Company LLC [Doc. 36] is **DENIED**;

(3) Plaintiff's Second Motion for Extension of Time to File a Response to Defendant's Motion for Summary Judgment [Doc. 41] is **GRANTED;**

(4) Any Response to the Motion for Summary Judgment shall be **DUE** no later than **September 2, 2022** and must address, at a minimum, the issues identified by this Order.  No replies will be permitted absent leave of court; and

(5) A hearing on the Motion for Summary Judgment and request for costs and fees pursuant to 28 U.S.C. § 1927 is **SET** for **Monday, September 12, 2022 at 10:00 a.m.** in the courtroom of Judge Nina Y. Wang, Alfred A. Arraj Courthouse, 901

19th Street, A-502, Denver, Colorado 80294.  Mr. Cuesta and his counsel **SHALL APPEAR IN PERSON**.  Please be advised that proper identification is required to enter the courthouse.

DATED:  August 29, 2022

BY THE COURT:

_____
Nina Y. Wang
United States District Judge