**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 21-cv-03094-NYW

CARLOS CUESTA,

      Plaintiff,

v.

SMT HOLDINGS LLC,
DONEPUDI HOLDINGS LLC, and
RESOLUTE BREWING COMPANY LLC,

      Defendants.

---

## MEMORANDUM OPINION AND ORDER

---

This matter is before the Court on Resolute Brewing Company, LLC's ("Resolute Brewing" or "Defendant") Motion for Summary Judgment (or "Motion"). [Doc. 30, filed July 8, 2022]. Upon review of the record, and for the reasons set forth herein, the Court respectfully **GRANTS** the Motion for Summary Judgment.

## BACKGROUND

The Court has discussed the background of this case in a previous Order, *see* [Doc. 43], and will do so here to the extent necessary to resolve the instant Motion. Plaintiff Carlos Cuesta ("Mr. Cuesta" or "Plaintiff") initiated this action on November 18, 2021, seeking remediation of architectural barriers he claims he encountered when he visited a shopping center ("Commercial Property" or "Property"), pursuant to Title III of the Americans with Disabilities Act ("ADA"). *See* [Doc. 1]. Resolute Brewing operates a brewery located at 7286 S. Yosemite Street, #110, Centennial, Colorado 80112, which is located within the shopping center. *See* [Doc. 22 at 3]. Mr. Cuesta asserts two causes of action in the Complaint: Count I is against Defendants SMT Holdings

LLC ("SMT") and Donepudi Holdings LLC ("Donepudi"), alleging that those entities failed to comply with the ADA with respect to parking, entrance access, and path of travel features, [*id.* at ¶¶ 22–24]; and Count II is against SMT, Donepudi, and Resolute Brewing, alleging they failed to comply with the ADA regarding "Access to Goods and Services" and the configurations of restrooms, [*id.* at ¶¶ 25–27]. Relevant here, with respect to the "Access to Goods and Services," Mr. Cuesta alleges as follows:

> Recreational areas at Commercial Property for public use lack required disabled use elements, preventing use by Plaintiff, violating the ADAAG [ADA Accessibility Guidelines].

[*Id.* at ¶ 27]. Mr. Cuesta seeks injunctive relief pursuant to 42 U.S.C. § 12188 and an award of reasonable attorney's fees and costs pursuant to 42 U.S.C. § 12205. [*Id.* at 11].

Neither of SMT nor Donepudi answered or otherwise responded to the Complaint, and the Clerk of the Court entered default against these two entities on February 28, 2022. [Doc. 18]. Then, Mr. Cuesta and Resolute Brewing proceeded to a Scheduling Conference, and this Court entered a Scheduling Order on March 8, 2022. [Doc. 21; Doc. 22]. The Scheduling Order set a deadline for Joinder of Parties and Amendment of Pleadings of March 15, 2022; a deadline for discovery of June 8, 2022; and a dispositive motions deadline of July 8, 2022. [Doc. 22 at 6]. In addition, the Court ordered Plaintiff to disclose any experts and provide opposing counsel with the information required by Rule 26(a)(2) not later than March 24, 2022. [*Id.* at 7]. Further, all motions brought pursuant to Rule 702 of the Federal Rules of Evidence challenging expert opinions were due on June 15, 2022. [*Id.* at 8].

On June 8, 2022, Resolute Brewing filed a motion seeking to strike in their entirety the opinions of Plaintiff's expert witnesses, Howard Schneider ("Mr. Schneider") and Gene Mattera ("Mr. Mattera"), pursuant to Federal Rule of Evidence 702 and Federal Rule of Civil Procedure 37(c)(1). [Doc. 26 ("Motion to Strike")]. Specifically, Resolute Brewing argued that Plaintiff had

not provided any report for Mr. Schneider and that the expert report for Mr. Mattera was deficient. [*Id.* at 6–10]. As part of its argument, Resolute Brewing contended that the opinions offered by Mr. Mattera were unreliable on their face because the photographs taken of the bathrooms were not of Resolute Brewing's space. [*Id.* at 8].[1] In addition, Resolute Brewing also contended that as a tenant, it was not liable for any alleged violations of the ADA occurring in the parking lot because that area is controlled by the landlord, and not the tenant, as a matter of law. [*Id.* at 9].

On July 8, 2022, Resolute Brewing filed the instant Motion for Summary Judgment, arguing, *inter alia,* that judgment in its favor is appropriate based on the fact that the photographs in Mr. Mattera's report did not depict Resolute Brewing's bathrooms, and that it could not be liable for any deficiencies in the parking lot. *See* [Doc. 30 at 2–7]. Resolute Brewing also argues that Mr. Cuesta lacks standing to maintain his claim. [*Id.* at 2, 9–10].

After two extensions of time, Mr. Cuesta responded to the Motion to Strike on July 14, 2022, *see* [Doc. 33], wherein he withdrew any reliance on Mr. Schneider's opinions. [*Id.* at 1]. However, with respect to Resolute Brewing's argument regarding the erroneous bathroom photographs, Mr. Cuesta did not explain any discrepancy—instead, he represented that "Plaintiff's counsel verbally communicated to Defendant's counsel that Plaintiff would not pursue to [sic] issues with Defendant's restroom." [*Id.* at 7]. Without citation to authority or evidence, Mr. Cuesta further insisted that Resolute Brewing was "responsible for the exterior areas that it exercises control over" related to the "Parking Lot." [*Id.*]. Specifically, Mr. Cuesta asserted that

---

[1] With respect to "Access to Goods and Services," Mr. Mattera's report contained a nearly identical assertion as that in the Complaint: "Recreational areas at Resolute Brewing Center for public use lack required disabled use elements, preventing use by Carlos Cuesta, violating the ADAAG." [Doc. 26-2 at 8]; *see also* [Doc. 1 at ¶ 27 ("Recreational areas at Commercial Property for public use lack required disabled use elements, preventing use by Plaintiff, violating the ADAAG.")].

> Defendant has placed tables in the exterior area and presumably exercises control over the area, and therefore has the ability to remedy any non-compliance with the ADA. *The tables and seating are in the parking lot and pathways.* Moreover, Defendant took over the portion of the parking and common area, and it is unclear what the scope of Defendant's responsibilities are over the exterior common areas, as it controls at least some of the exterior premises at issue.

[*Id.* (emphasis added)]. Mr. Cuesta further indicated that he would "more fully brief this issue in its [sic] response to Defendant's motion for summary judgment." [*Id.*].

However, instead of filing a Response to Defendant's Motion for Summary Judgment, Mr. Cuesta moved to dismiss his claims against Resolute Brewing on July 29, 2022. *See* [Doc. 36 ("Motion to Dismiss")]. Therein, Mr. Cuesta claimed that he revisited Resolute Brewing "and found that Defendant['s] . . . business was *mostly remediated* and Plaintiff does not wish to pursue the claims as to" Resolute Brewing. [*Id.* at ¶ 6]. In addition, Mr. Cuesta noted that "Defendant has expressed an interest in seeking fees," an issue which Plaintiff asserted "can be resolved via a separate motion, should Defendant choose to file one." [*Id.* at 3 n.2].[2] The same day, Mr. Cuesta moved for an extension of time to respond to the Motion for Summary Judgment, [Doc. 37], which the Court granted, *see* [Doc. 38], thus allowing Plaintiff additional time to respond, up to and including August 12, 2022. On August 12, 2022, Plaintiff sought a second extension of time to respond to the Motion for Summary Judgment, [Doc. 41], which the Court subsequently granted, allowing Plaintiff until September 2, 2022 to respond to the Motion, *see* [Doc. 43 at 12]. Plaintiff responded to the Motion for Summary Judgment on September 2, 2022, [Doc. 45], and Defendant did not file a reply.

---

[2] Defendant responded to the Motion to Dismiss on August 12, 2022, [Doc. 40], and Plaintiff replied on August 26, 2022, [Doc. 43]. In Resolute Brewing's response to Plaintiff's Motion to Dismiss, it indicated that it did not oppose the dismissal of Plaintiff's claims but argued that it is entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1927. [Doc. 40 at 1].

4

On August 29, 2022, the Court entered an Order, *inter alia*, granting Defendant's Motion to Strike and denying Plaintiff's Motion to Dismiss.  [Doc. 43].  In that Order, the Court found that Mr. Cuesta had "never asserted a cause of action against Resolute Brewing Company based on either its exterior seating, the parking lot, or the pathways."  [*Id.* at 8].  The Court also explained that "the operative Complaint in this matter misidentifies Resolute Brewing Company as a 'hotel business' in one instance and *makes no mention of seating*."  [*Id.* (emphasis added) (citation omitted)].  Therefore, the Court found that Plaintiff's "sole cause of action" against Resolute Brewing related to the alleged noncompliant bathroom, and "[a]ny other theory of liability [did] not appear viable."  *See* [*id.* at 10].  In granting Defendant's Motion to Strike in its entirety, the Court precluded Mr. Cuesta "from offering any of Mr. Mattera's opinions vis-à-vis Resolute Brewing Company's liability under the ADA <u>for any purpose</u>."  [*Id.* at 8].

Additionally, in denying Plaintiff's Motion to Dismiss, the Court's Order noted, *inter alia*, that Resolute Brewing had

> articulate[d] certain concerns regarding Plaintiff's and/or his counsel's conduct in this action, including continuing to pursue claims related to the purported non-compliant bathroom after (1) December 14, 202[1], when counsel for Resolute Brewing Company informed Mr. Cuesta's counsel that the restroom was in compliance; and (2) January 11, 2022, when Defendant affirmatively indicated that the photographs in the expert report were not Resolute Brewing Company's.

[*Id.* at 10 (citations omitted)].  The Court also noted that Resolute Brewing's response to the Motion to Dismiss indicated that it seeks relief under 28 U.S.C. § 1927.  [*Id.*]; *see also* [Doc. 40 at 1].  The Court further explained that Mr. Cuesta had failed to "adequately address—either in his Response to the Motion to Strike or in his Motion to Dismiss—Defendant's argument that the photographs in Mr. Mattera's report are not of Resolute Brewing Company's bathroom, and that he was provided the photographs of the bathroom and informed of the discrepancy in the expert report no later than January 2022."  [Doc. 43 at 11].  In addition, the Court found that, despite

Plaintiff's claim in the Motion to Dismiss that Resolute Brewing's "business was mostly remediated" when Plaintiff revisited the Property, *see* [Doc. 36 at ¶ 6], he failed to "identify *which* alleged violations he found were 'mostly remediated' . . . and what alleged violations remain outstanding." [Doc. 43 at 11]. Based on the foregoing, the Court concluded that "there would be legal prejudice in dismissing this action against Resolute Brewing Company without prejudice and that it is more appropriate to resolve this issue in the context of summary judgment." [*Id.*].

Finally, in addition to ruling on the Motion to Strike and Motion to Dismiss, the Court also scheduled a hearing on the Motion for Summary Judgment, as well as Defendant's request for fees and costs pursuant to 28 U.S.C. § 1927 in its response to the Motion to Dismiss. [*Id.* at 12]; *see also* [Doc. 40 at 1]. The Court held the hearing on the Motion on September 12, 2022. *See* [Doc. 46; Doc. 47]. The Motion for Summary Judgment is therefore ripe for disposition.

## LEGAL STANDARD

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine if there is sufficient evidence so that a rational trier of fact could resolve the issue either way. A fact is material if under the substantive law it is essential to the proper disposition of the claim." *Crowe v. ADT Sec. Servs., Inc.*, 649 F.3d 1189, 1194 (10th Cir. 2011) (internal citations and quotation marks omitted). It is the movant's burden to demonstrate that no genuine dispute of material fact exists for trial, whereas the nonmovant must set forth specific facts establishing a genuine issue for trial. *See Nahno-Lopez v. Houser*, 625 F.3d 1279, 1283 (10th Cir. 2010). At all times, the Court will "view the factual record and draw all reasonable inferences therefrom most favorably to the nonmovant." *Zia Shadows, L.L.C. v. City of Las Cruces*, 829 F.3d 1232, 1236 (10th Cir. 2016).

To satisfy its burden at summary judgment, the nonmovant must point to competent summary judgment evidence creating a genuine dispute of material fact; conclusory statements based on speculation, conjecture, or subjective belief are insufficient. *See Bones v. Honeywell Int'l, Inc.,* 366 F.3d 869, 875 (10th Cir. 2004); *see also* 10B Charles Alan Wright et al., Federal Practice and Procedure § 2738 (4th ed. 2022) (explaining that the nonmovant cannot rely on "mere reargument of a party's case or a denial of an opponent's allegation" to defeat summary judgment). In considering the nonmovant's evidence, the Court cannot and does not weigh the evidence or determine the credibility of witnesses. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1165 (10th Cir. 2008). Further, the Court may consider only admissible evidence, *see Gross v. Burggraf Const. Co.*, 53 F.3d 1531, 1541 (10th Cir. 1995), though the evidence need not be in a form that is admissible at trial—only the substance must be admissible at trial. *See Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016). For instance, "if th[e] evidence is presented in the form of an affidavit, the Rules of Civil Procedure specifically require a certain type of admissibility, *i.e.*, the evidence must be based on personal knowledge." *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). Indeed, "[t]o determine whether genuine issues of material fact make a jury trial necessary, a court necessarily may consider only the evidence that would be available to the jury." *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006).

## ANALYSIS

Resolute Brewing seeks summary judgment on several grounds. *See* [Doc. 30 at 2]. As an initial matter, Mr. Cuesta conceded that the pictures presented to Resolute Brewing and the Court "do not depict the bathrooms at Defendant Resolute's establishment." [Doc. 45 at 3]. As a result, Plaintiff does not seek any redress based on Resolute Brewing's bathroom. [*Id.*]. Given that Plaintiff bears the burden of proof and has come forward with no competent evidence of an ADA

violation, summary judgment in favor of Resolute Brewing as to this issue is appropriate. *See Halley v. Huckaby*, 902 F.3d 1136, 1143 (10th Cir. 2018).

The Parties' remaining dispute focuses on areas on the exterior of Resolute Brewing's facility. Resolute Brewing argues, *inter alia*, that Mr. Cuesta "has failed to produce any evidence of either (i) a violation on the property which Resolute controls or (ii) actual injury and, therefore, lacks standing to bring this subject action." [Doc. 30 at 2]. Because Resolute Brewing challenges Mr. Cuesta's standing—a jurisdictional issue, *see Citizen Center v. Gessler*, 770 F.3d 900, 906 (10th Cir. 2014)—the Court begins and ends its analysis there, as this issue is dispositive of the instant Motion.

## I.   Undisputed Material Facts

Relevant to the disposition of the instant Motion, the Court identifies the following undisputed material facts from the record:

1.    Resolute Brewing is a commercial tenant in a commercial shopping center which leases Suite 110 located at 7286 S. Yosemite St, Centennial CO 80112. [Doc. 30-4 at ¶ 2; Doc. 30 at 3, ¶ 1; Doc. 45 at 1, ¶ 1].

2.    Resolute Brewing operates a brewery and taproom from the Property that is open to the public. [Doc. 30-4 at ¶ 2; Doc. 30 at 3, ¶ 4; Doc. 45 at 1, ¶ 4].

3.    Mr. Cuesta resides in Florida. [Doc. 45-1 at ¶ 1].

4.    Mr. Cuesta visited Resolute Brewing two times: on September 11, 2021 and July 29, 2022. [*Id.* at ¶ 5].

## II.   Article III Standing

Under Article III of the United States Constitution, federal courts only have jurisdiction to hear certain "cases" and "controversies." *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 157

(2014).  "The standing inquiry ensures that a plaintiff has a sufficient personal stake in a dispute to ensure the existence of a live case or controversy which renders judicial resolution appropriate." *Tandy v. City of Wichita*, 380 F.3d 1277, 1283 (10th Cir. 2004).  Standing is assessed as of the date when the complaint was filed.  *See Planned Parenthood of Kan. v. Andersen*, 882 F.3d 1205, 1217 (10th Cir. 2018) (explaining that the court "must determine standing as of the time the action is brought." (internal quotation marks omitted)).  To establish standing, a plaintiff must show (1) he suffered an injury in fact (2) that is fairly traceable to the defendant's conduct and (3) can be redressed by a favorable judicial decision.  *See Baker v. USD 229 Blue Valley*, 979 F.3d 866, 871 (10th Cir. 2020).  The elements of standing "are not mere pleading requirements but rather an indispensable part of the plaintiff's case."  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992).  Therefore, Article III standing cannot be assumed; the Court must resolve issues of standing before it may reach the merits of an issue.  *See Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 543 (10th Cir. 2016).

"To prevail at summary judgment on standing grounds, the defendant must show that the record is devoid of evidence raising a genuine issue of material fact that would support the plaintiff's ultimate burden of proving standing."  *Day v. Bond*, 500 F.3d 1127, 1132 (10th Cir. 2007) (citations omitted); *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1182 (10th Cir. 2010) (same); *see also Petty v. Bd. of Cnty. Comm'rs of Cnty. of Wyandotte*, 168 F.R.D. 46, 49 (D. Kan. 1996) ("If the moving party does not bear the burden of proof at trial, it must show 'that there is an absence of evidence to support the non-moving party's case.'" (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 325 (1986)).  Nevertheless, "[a]s the party seeking to invoke federal jurisdiction, the plaintiff (here [Mr. Cuesta]) has the burden of establishing each of the[] three elements of Article III standing."  *Nova Health Sys. v. Gandy*, 416 F.3d 1149, 1154 (10th Cir.

2005) (citing *Lujan*, 504 U.S. at 561).  Therefore, "[a]t the summary judgment stage, the plaintiff

must set forth by affidavit or other evidence specific facts that, if taken as true, establish each of

these elements." *Id.*; *see also WildEarth Guardians v. Colo. Springs Utils. Bd.*, No. 17-cv-00357-

CMA-MLC, 2018 WL 317469, at *4 (D. Colo. Jan. 8, 2018) ("The specific facts alleged in the

complaint, as well as additional information uncovered by discovery, should be accepted as true

and construed in favor of the plaintiff." (citing *Gladstone Realtors v. Vill. of Bellwood*, 441 U.S.

91, 109 n.22 (1979))).

### A.    Injury in Fact

Here, Resolute Brewing argues that Mr. Cuesta cannot establish the first element of

standing—an injury in fact.  [Doc. 30 at 9–10].  The injury in fact requirement "involves invasion

of a legally protected interest that is concrete, particularized, and actual or imminent." *Gessler*,

770 F.3d at 910.  This "requirement is satisfied differently depending on whether the plaintiff seeks

prospective or retrospective relief." *Tandy*, 380 F.3d at 1283.  "When prospective relief—such as

an injunction—is sought, 'the plaintiff must be suffering a continuing injury or be under a real and

immediate threat of being injured in the future.'" *Colo. Cross Disability Coal. v. Abercrombie &

Fitch Co.*, 765 F.3d 1205, 1211 (10th Cir. 2014) (quoting *Tandy*, 380 F.3d at 1283)).  "Past wrongs

are evidence bearing on whether there is a real and immediate threat of repeated injury." *Tandy*,

380 F.3d at 1283 (citing *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983)).  However, "[t]he

threatened injury must be 'certainly impending' and not merely speculative." *Id.* (citing *Friends

of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000)).  Conjectural or

hypothetical injuries, or future injuries that are not certainly impending, are insufficient.  *See

Brown v. Buhman*, 822 F.3d 1151, 1165 (10th Cir. 2016).  On the other hand, a plaintiff seeking

retrospective relief "satisfies the 'injury in fact' requirement if []he suffered a past injury that is

concrete and particularized." *Tandy*, 380 F.3d at 1284.

In the Complaint, Plaintiff seeks, *inter alia*, (1) a declaratory judgment that Defendant is in violation of the ADA; and (2) an injunction against Defendant and an order that Defendant remediate the architectural barriers at the Property and modify its policies so that "no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services." [Doc. 1 at 11]. A declaratory judgment and injunction are forms of prospective relief. *See, e.g.*, *Collins v. Daniels*, 916 F.3d 1302, 1314 (10th Cir. 2019) (declaratory relief); *Colo. Cross*, 765 F.3d at 1211 (injunctive relief).

Thus, to establish injury in fact for purposes of prospective relief, Mr. Cuesta must "be suffering a continuing injury or be under a real and immediate threat of being injured in the future." *Tandy*, 380 F.3d at 1283. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495–96, (1974); *see also Dias v. City and Cnty. of Denver*, 567 F.3d 1169, 1177 (10th Cir. 2009) ("Only by alleging a continuing injury can a plaintiff seeking prospective relief establish an injury in fact.").

To satisfy this requirement in the context of his ADA claim, Mr. Cuesta must adduce sufficient evidence "suggest[ing] a concrete, present plan to return to" Resolute Brewing. *Colo. Cross*, 765 F.3d at 1212. The Tenth Circuit has found this requirement met when a plaintiff establishes his intent to return "several times each year." *Brito v. Denver Convention Ctr. Hotel Auth.*, No. 20-cv-02719-PAB-KMT, 2021 WL 4149619, at *3 (D. Colo. Sept. 13, 2021) (quotation marks omitted) (quoting *Tandy*, 380 F.3d at 1284–85).

In the Motion, Resolute Brewing does not cite any particular factors the Court should or must consider in determining whether a plaintiff has met the injury-in-fact requirement.

Nevertheless, this Court has recently relied upon a four-factor test endorsed by others in this District as the operative test for determining whether a plaintiff has satisfied an injury in fact as demonstrated by his intent to return to a public accommodation. *See Meggs v. Dillon Cos., LLC*, No. 21-cv-02030-NYW, 2022 WL 4079337, at *7 (D. Colo. Sept. 6, 2022). This test asks the Court to consider: "(1) the proximity of the place of public accommodation to plaintiff's residence, (2) the plaintiff's past patronage of defendant's business, (3) the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant." *Id.* (citations omitted); *see also Brito v. Big Lots Stores, Inc.*, No. 17-cv-02052-CMA-KMT, 2017 WL 5665057, at *3 (D. Colo. Nov. 27, 2017) (collecting cases). In *Meggs*, the Court also noted a separate "intention test" articulated by some courts in this District, *see* 2022 WL 4079337, at *8, where the operative inquiry is "whether a plaintiff intends to return to or use the allegedly non-complying premises in the future in order to determine if the plaintiff has standing for prospective relief," without reference to any specific factors. *Id.* (citing *Brito*, 2021 WL 4149619, at *3). The Court "recognize[d] that the four-factor test fits under the general rubric of the intention test, and the Tenth Circuit case law does not indicate that the four factors are exhaustive." *Id.* Accordingly, the Court will apply the four-factor test its analysis below.

### B.    Application

In the Motion, Resolute Brewing argues, *inter alia*, that "[t]here is no evidence in this case that Plaintiff experienced an injury in fact for which Resolute is responsible as a matter of law." [Doc. 30 at 10]. Specifically, Resolute Brewing contends that Mr. Cuesta "presents no evidence at all against Resolute, and little evidence at all, and only makes conclusory allegations in the complaint that he 'encountered architectural barriers'[] and that he wishes to 'continue patronage and use of the premises.'" [*Id.* (citing [Doc. 1 at ¶ 17])]. Resolute Brewing insists that Mr. Cuesta's

failure to identify any concrete and particularized injury warrants dismissal.  *See* [*id.* (arguing that "Plaintiff offers nothing more than *may haves and/or would haves* and, respectfully, that is simply not actionable.")].

Mr. Cuesta fails to address Resolute Brewing's standing challenge at all in his Response, *see* [Doc. 45], and his counsel did not do so at the Motion hearing, *see* [Doc. 47].  As indicated above, Mr. Cuesta "bear[s] the burden of proving standing with the manner and degree of evidence required at the particular stage of the litigation."  *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).  Plaintiff's failure to respond to Defendant's standing challenge warrants dismissal of Plaintiff's sole claim against Resolute Brewing under Count II.  *See Tyler v. U.S. Dep't of Educ. Rehab. Servs. Admin.*, 904 F.3d 1167, 1175 n.4 (10th Cir. 2018) (finding the plaintiff waived any argument that it had standing to pursue a claim on behalf of another person where the plaintiff failed to address the issue in any of its briefing, even after an intervening party argued lack of standing in his response brief); *see also Colo. Outfitters Ass'n*, 823 F.3d at 552 ("[T]he plaintiffs don't argue on appeal that [one of the plaintiffs] had standing. . . . Thus, the plaintiffs have waived that argument."); *Energy and Env't Legal Inst. v. Epel*, No. 11-cv-00859-WJM-BNB, 2014 WL 1715209, at *6 (D. Colo. May 1, 2014) ("Because Plaintiffs bear the burden of showing standing, their failure to separately address their standing as to each claim is alone reason to dismiss the claims. . . ."); *Hamlin v. Dep't of Health and Human Servs.*, CIV-15-1030-R, 2016 WL 247587, at *3 (W.D. Okla. Jan. 20, 2016) (finding the plaintiff's failure to respond to the defendants' contentions regarding standing—wherein the defendants "note[d] that it is speculative that some unknown person will at some unknown time in the future steal Plaintiff's identity and use his stolen identity to receive medical care"—warranted dismissal).

Moreover, notwithstanding Mr. Cuesta's failure to respond directly to Resolute Brewing's standing challenge, the Court also finds that the evidence presented by Mr. Cuesta in support of his Response—namely, his affidavit—fails to set forth facts that establish an injury in fact under the four-factor test discussed above.

**First**, with respect to the proximity of Mr. Cuesta's residence to Resolute Brewing, in his affidavit submitted with the Response, Mr. Cuesta declares that he "reside[s] in Florida," [Doc. 45-1 at ¶ 1], and there is no dispute that Resolute Brewing is located in Colorado—which is several states and over one thousand miles away from Plaintiff's residence.  A brewery in another state is not such a public accommodation that one generally would use so far away from one's residence. *See Molski v. Mandarin Touch Rest.*, 385 F. Supp. 2d 1042, 1045 (C.D. Cal. 2005) ("As the distance between the plaintiff's residence and the public accommodation increases, the likelihood of future harm decreases.  When the distance between the two is significant, especially if it is in excess of 100 miles, courts have consistently held that it weighs against finding a reasonable likelihood of future harm."); *cf. Cohan v. Aurora Hosp., LLC*, No. 19-cv-00784-PAB-NRN, 2020 WL 1322866, at *3 (D. Colo. Mar. 20, 2020) (explaining that although the plaintiff's residence was "not in close proximity to the hotel, . . . proximity [was] not, by itself, a helpful metric" because a hotel "'is almost always used only when one is far away from his residence'" (quoting *Norkunas v. HPT Cambridge LLC*, 969 F. Supp. 2d 184, 192 (D. Mass. 2013)).

**Second**, as to Plaintiff's past patronage of Defendant's business, Mr. Cuesta avers that he visited Resolute Brewing two times: the first visit was on September 11, 2021, before he filed the Complaint, and the second visit was on July 29, 2022, after Defendant filed the instant Motion for Summary Judgment.  *See* [Doc. 45-1 at ¶ 5].  A plaintiff is not required to visit an out-of-compliance store more than once to have standing.  *See Colo. Cross*, 765 F.3d at 1208–13 (finding

14

no standing issue with a plaintiff who only visited an allegedly out-of-compliance store once before filing suit); *see also Tandy*, 380 F.3d at 1284–89. However, the mere existence of past patronage alone does not provide standing unless a plaintiff can establish a "*reasonable* likelihood that [the plaintiff] is likely to return." *Judy v. Pingue*, No. 2:08-cv-859, 2009 WL 4261389, at *4 (S.D. Ohio Nov. 25, 2009) (emphasis added); *cf. Bernstein v. City of New York*, 621 F. App'x 56, 58–59 (2d Cir. 2015) ("[P]ast frequency of visits is a key factor in determining intent to return."). As the following factors show, Mr. Cuesta fails to establish a reasonable likelihood that he will return to Resolute Brewing.

*Third*, as to the definitiveness of his plans to return, Mr. Cuesta fails to include any information in his affidavit regarding an intention to return to Resolute Brewing. *See* [Doc. 45-1]. In addition, as mentioned, injury in fact "must be supported with . . . the manner and degree of evidence required at the [pertinent,] successive stages of litigation." *Lujan*, 504 U.S. at 561. At the time of the Complaint, which is the time at which the Court analyzes standing, *see Tandy*, 380 F.3d at 1284, Mr. Cuesta alleged that he "plans to return to and often visits the Commercial Property and the other business located within the Commercial Property, in order to avail himself of the goods and services offered to the public at the business therein, if the property/business become [sic] accessible." [Doc. 1 at ¶ 15]. Mr. Cuesta similarly alleged that he "wishes to continue his patronage and use of the premises," [*id.* at ¶ 17], and "desires to visit the Commercial Property and businesses located therein, not only to avail himself of the goods and services available at the Commercial Property, and businesses located within the Commercial Property, but to assure himself that the Commercial Property and businesses located within the Commercial Property are in compliance with the ADA," [*id.* at ¶ 21]. These vague allegations fail to indicate any definitiveness of Mr. Cuesta's intention to return to Resolute Brewing specifically.

***Fourth***, with respect to the frequency of Plaintiff's travel near Defendant, Mr. Cuesta asserts in his affidavit that (1) he "spend[s] significant amounts of time in Colorado, most often in the Denver area"; (2) he is "a member of the organization ACCESS 4 ALL INCORPORATED", and (3) other "members and officers [of the organization] are spread across the country" and, therefore, "the organization often has meetings in Colorado and Florida." [Doc. 45-1 at ¶¶ 1, 3–4]. None of these assertions sufficiently establish that Mr. Cuesta frequently travels near Resolute Brewing. Indeed, although Mr. Cuesta's affidavit references the "Denver area" and "meetings in Colorado" generally, [*id.* at ¶¶ 1, 4], it fails to even mention Centennial, Colorado—where Resolute Brewing is located. *See* [Doc. 30 at 3, ¶ 1; Doc. 45 at 1, ¶ 1]; *see also Laufer v. Looper*, No. 20-cv-02475-NYW, 2021 WL 330566, at *8 (D. Colo. Jan. 11, 2021) (finding the plaintiff failed to establish an actual or imminent injury where, *inter alia*, her declaration "contain[ed] only conjectural or speculative assertions that she intend[ed] to visit Colorado in the future and no suggestion that she specifically [sought] to visit Craig, Colorado"), *aff'd,* 22 F.4th 871 (10th Cir. 2022); *Laufer v. Ft. Meade Hosp., LLC*, No. 8:20-cv-1974-PX, 2020 WL 6585955, at *4 (D. Md. Nov. 10, 2020) ("Mere incantations of some amorphous intent to visit this particular hotel, without more, will not save her claim.").

In sum, the Court finds that Mr. Cuesta fails to adduce sufficient evidence at summary judgment that "suggests a concrete, present plan to return to" Resolute Brewing to establish an injury in fact. *Colo. Cross*, 765 F.3d at 1211. Thus, Mr. Cuesta's remaining claim[3] against

---

[3] The Court also notes briefly that Mr. Cuesta makes no particularized factual allegations in his Complaint of any violation to any area other than the restrooms. *See generally* [Doc. 1]. Instead, there is a general allegation that "[r]ecreational areas at Commercial Property for public use lack required disabled use elements, preventing use by Plaintiff, violating the ADAAG." [Doc. 1 at ¶ 27.A.i.]; *see also* [Doc. 45 at 3 (in Plaintiff's Response to the Motion, citing only to paragraph

Resolute Brewing under Count II must be dismissed without prejudice for lack of standing.  *See, e.g.*, *Vogel v. Winchell's Donut Houses Operating Co., LP*, 252 F. Supp. 3d 977, 983 (C.D. Cal. 2017) (on summary judgment, finding the plaintiff failed to establish a concrete injury based on an intent to return where the restaurant at issue was part of a national chain and the plaintiff "could easily find a closer location" to his stated residence; the plaintiff failed to provide a reason for his frequent travel to the location of the restaurant; the plaintiff's past patronage of the restaurant was unclear; although the plaintiff intended to return in the future, he admitted he did "not have specific plans to return at this time"); *Access 4 All v. Oak Spring*, Inc., No. 5:04-cv-75-OC-GRJ, 2005 WL 1212663, at *4 (M.D. Fla. May 20, 2005) (finding the plaintiffs failed to establish standing on summary judgment where, other than one plaintiff's "bald assertion" that he planned to return to the public accommodation, the plaintiffs had "presented no evidence of a threat of future injury, and, in fact, the record evidence establishe[d] that the possibility of future injury [was] speculative at best"); *Brother v. Tiger Partner, LLC*, 331 F. Supp. 2d 1368, 1373 (M.D. Fla. 2004) (on summary judgment, concluding the plaintiff failed to satisfy the requirements of Article III standing where the plaintiff brought an ADA claim against a hotel, based on the following factors: (1) the plaintiff lived more than 280 miles from the hotel and only traveled to the general area of the hotel twice a year; (2) the plaintiff lacked a continuing connection to the hotel; and (3) there were "countless other hotels closer to Disney World," which contradicted the plaintiff's claim that he stayed at the hotel because of its proximity to Disney World); *cf. Lujan*, 504 U.S. at 564 (explaining that "'some day' intentions—without any description of concrete plans, or indeed even any specification of when the some day will be—do not support a finding of the 'actual or

---

27.A.i. of the Complaint in support of his assertion regarding "[t]he only remaining issues" in this case)].

17

imminent' injury that our cases require"); *Colo. Cross*, 765 F.3d at 1211–12 (on appeal from the district court's ruling on summary judgment in favor of plaintiff, finding the plaintiff had standing to seek prospective relief where the plaintiff submitted two affidavits declaring that she intended to return to the public accommodation "at least six times per year").  Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**.

## III.   Fees and Costs

The Court now turns briefly to the issue of fees and costs.  In its Response to the Motion to Dismiss, Resolute Brewing argued it is entitled to attorney's fees and costs pursuant to 28 U.S.C. § 1927.  [Doc. 40 at 1].  Under § 1927,

> [a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927.

At the motion hearing on September 12, 2022, the Court heard argument from both Parties regarding Defendant's request for fees and costs, and Defendant's counsel requested leave to file a separate and distinct motion on this issue.  *See* [Doc. 47 at 22–35].  Although, at the hearing, Plaintiff's counsel objected to Defendant's request to file a separate motion, Plaintiff previously agreed that Defendant's request for fees and costs should indeed be resolved via a separate motion. *See* [Doc. 36 at 3 n.2 (stating that the issue of fees "can be resolved via a separate motion, should Defendant choose to file one"); Doc. 42 at 1–2 ("Plaintiff, for his part, in the interest of full disclosure did inform the Court in its Motion that Defendant had expressed an interest in fees, which Plaintiff opposes, but which could be resolved in a separate briefing schedule.")].  In

addition, the Court cannot identify any basis for disallowing such a motion. Accordingly, Defendant is permitted to file a motion pursuant to 28 U.S.C. § 1927.[4]

## CONCLUSION

For the reasons set forth herein, **IT IS ORDERED** that:

(1)     Defendant Resolute Brewing's Motion for Summary Judgment [Doc. 30] is **GRANTED**;

(2)     Resolute Brewing is entitled to its costs pursuant to Federal Rule of Civil Procedure 54(d)(1) and D.C.COLO.LCivR 54.1;

(3)     On or before **November 11, 2022**, Plaintiff shall file a Status Report regarding Defendants SMT Holdings LLC and Donepudi Holdings LLC, including whether Plaintiff intends on filing a motion for default judgment as to those Parties; and

(4)     Should Resolute Brewing still seek relief pursuant to 28 U.S.C. § 1927, it may file a motion on or before **November 11, 2022**. Plaintiff's response is due 14 days after the filing of such motion.  No replies will be permitted absent leave of Court.

DATED:  October 27, 2022

BY THE COURT:

Nina Y. Wang
United States District Judge

---

[4] By permitting Defendant to file such a motion, the Court expressly does not weigh on whether such motion would be successful.

19