IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 21-cv-03094-NYW

CARLOS CUESTA,

    Plaintiff,

v.

SMT HOLDINGS LLC,
DONEPUDI HOLDINGS LLC, and
RESOLUTE BREWING COMPANY LLC,

    Defendants.

## ORDER

This matter is before the Court on the Joint Stipulation of Dismissal with Prejudice and to Vacate Final Judgment ("Stipulation") filed by Plaintiff Carlos Cuesta ("Plaintiff") and Defendant Resolute Brewing Company LLC ("Defendant"). [Doc. 65, filed June 26, 2023].

On May 24, 2023, this Court granted in part and denied in part Defendant's Motion for Sanctions, Attorney Fees, and Costs ("Motion for Sanctions"), *see* [Doc. 50; Doc. 56], thus awarding Defendant its "reasonable fees and costs incurred in the defense of this suit in the amount of **$38,622.08**." [Doc. 56 at 55]. The Clerk of Court entered final judgment the same day. [Doc. 57]. Defendant filed a proposed Bill of Costs on June 7, 2023, [Doc. 62; Doc. 63], and the Clerk of Court set a hearing on June 14, 2023, [Doc. 64]. On June 26, 2023, Plaintiff and Defendant filed the instant Stipulation, stating that,

> *pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii)*, [they] hereby STIPULATE to the dismissal of this action with prejudice, each party to pay their own fees and costs, pursuant to a separate written confidential agreement which fully resolves the issues between the Parties. Therefore, Defendant's Proposed Bill

> of Costs (ECF #62-63) is hereby withdrawn, *and the Court's Judgment (ECF #58) [sic] may also be vacated*.

[Doc. 65 at 1 (emphasis added)].

Under Federal Rule of Civil Procedure 41(a)(1)(A)(ii), a plaintiff may dismiss an action without a court order by filing "a stipulation of dismissal signed by all parties who have appeared." The Parties do not, however, "explain how this rule would apply where, as here, the case has already been dismissed and judgment has been entered." *Williams v. Stewart Title Co.*, No. 18-cv-00397-PAB-NRN, 2020 WL 4350196, at *1 (D. Colo. July 29, 2020). Nevertheless, the Court turns to Federal Rule of Civil Procedure 60(b)(6), which allows the Court to, "[o]n motion and just terms," relieve a party from a final judgment for "any . . . reason that justifies relief." This rule is a "grand reservoir of equitable power." *Pierce v. Cook & Co., Inc.*, 518 F.2d 720, 722 (10th Cir. 1975) (citation omitted); *see also Johnson v. Spencer*, 950 F.3d 680, 700–01 (10th Cir. 2020) (describing the court's authority under Rule 60(b)(6) as a "grand reservoir of equitable power to do justice" (quotation marks and citation omitted)). Accordingly, in light of the Parties' assertion in the Stipulation that "the Court's Judgment (ECF #58) [sic] may also be vacated," [Doc. 65 at 1], the Court will construe the Stipulation for Dismissal as also being a joint motion for relief from final judgment. *See Williams*, 2020 WL 4350196, at *1.

Relief under Rule 60(b)(6) is appropriate here given that the Parties seek to resolve this case by making the dismissal of Plaintiff's claims "with prejudice," and they seek to return to the status quo where each party's fees and costs are borne by the respective parties. [Doc. 65]; *see Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 252–53 (2010) (describing the "bedrock principle" that "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or other contract provides otherwise"). Because the relief the Parties seek will provide finality to this litigation and does not appear to prejudice either Party, the Court sees no reason not to grant

2

such relief. Accordingly, the Court will grant the request in the Stipulation to vacate the final judgment. *See* [Doc. 57]. The Court will also vacate *only* the portions of the Order on Defendant's Motion for Sanctions related to the fee and cost awards. *See* [Doc. 56 at 55]. The remainder of the Order on Defendant's Motion for Sanctions will remain in effect.

For the reasons set forth herein, **IT IS ORDERED** that:

(1) The Final Judgment [Doc. 57] is **VACATED**;

(2) The portions of the Order on Defendant's Motion for Sanctions, Attorney Fees, and Costs related to the fee and cost awards, *see* [Doc. 56 at 55], are **VACATED**;

(3) The remainder of the Order on Defendant's Motion for Sanctions, Attorney Fees, and Costs [Doc. 56] **REMAINS IN EFFECT**; and

(4) The Clerk of Court is **DIRECTED** to **TERMINATE** this case.

DATED: July 13, 2023

BY THE COURT:

_____
Nina Y. Wang
United States District Judge